UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ANTONIO MOTA-
TEPOZOTLAN,

      Petitioner,

v.                                    Case No.  2:26-cv-1503-JES-NPM

MARKWAYNE MULLIN, et al.,

      Respondents.
_____/

## ORDER

Before the Court are Petitioner Jose Antonio Mota-Tepozotlan's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 5).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Mota-Tepozotlan is a 48-year-old native and citizen of Mexico who has lived in the United States since 1998.  (Doc. 1 at 2–3). He is married to a United States citizen, has a stable work history, and files taxes.  (Id. at 3).  Mota-Tepozotlan was taken into Immigration and Customs Enforcement (ICE) custody on March 27, 2026.  (Doc. 1 at 3).  He is currently detained at Glades County Detention Facility.  (Doc. 5-1 at 14).  He seeks, among other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge.  (Doc. 1 at 5).

In response to the petition, Respondents acknowledge that Mota-Tepozotlan "should receive an individualized bond hearing based on binding Eleventh Circuit precedent." (Doc. 5 at 1 (citing Hernandez Alvarez v. Warden, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))). Nevertheless, Respondents argue that—because Hernandez Alvarez is binding on immigration judges—the Court should dismiss this petition because Mota-Tepozotlan should have sought a bond hearing in immigration court before filing this petition. (Id. at 3-4). The Court is not convinced. Mota-Tepozotlan was detained (and filed this petition) before Hernandez Alvarez was issued. Moreover, in habeas proceedings, exhaustion is not jurisdictional. Rather, it exists as a judicially created doctrine applied at the court's discretion. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015).

## II. Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But 8 U.S.XC. § 1226A(a) provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

2

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez, 2026 WL 1243395, at *1.  The Court determined that "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."  Id.  And Respondents recognize that, under this holding, Mota-Tepozotlan is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The Court will thus order Respondents to either release Mota-Tepozotlan or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[1] To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Mota-Tepozotlan's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  If Respondents are unable to ensure that Mota-Tepozotlan timely

---

[1] Respondents requests "a reasonable period of seven days to arrange an individualized bond hearing."  (Doc. 5 at 5).

3

receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED:**

1.   Mota-Tepozotlan's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Within **SEVEN (7) DAYS,** Respondents shall either provide Mota-Tepozotlan with the statutory process required under § 1226— which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3.   If Respondents release Mota-Tepozotlan, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 19, 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4